IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

|  |  |  |
|---|---|---|
| ARVILLE MANGOBA, | ) ) | Civ. No. 23-00248 HG-RT |
| Plaintiff, | ) ) ) |  |
| v. | ) ) |  |
| MONSANTO COMPANY, | ) ) |  |
| Defendant. | ) ) ) |  |

**ORDER GRANTING DEFENDANT MONSANTO COMPANY'S MOTION TO STAY CASE (ECF No. 39)**

On September 3, 2021, Plaintiff Arville Mangoba, along with twenty-nine other plaintiffs, filed a lawsuit against Defendant Monsanto Company and other defendants in the Missouri Circuit Court, Twenty-First Judicial Circuit, County of St. Louis, titled <u>Jeffery S. Jumper, et al. v. Monsanto Company, et al.</u>, 21SL-CC04139 ("Missouri Case"). (Complaint in Missouri Case, attached as Ex. 1 to Def.'s Motion, ECF No. 39-2).

The Missouri Case brought by Plaintiff alleges personal injury claims related to Defendant Monsanto Company's products. Plaintiff claims he developed non-Hodgkin lymphoma as a result of exposure to the Defendant's polychlorinated biphenyls ("PCBs") and its product Roundup.

The Parties in the Missouri Case engaged in discovery and took Plaintiff Arville Mangoba's deposition beginning on March

1

29, 2023.  (Deposition of Arville Mangoba in 21SL-CC04139, "Mangoba Depo." attached as Ex. 2 to Def.'s Motion, ECF No. 39-3).

Almost two years after he filed the Missouri Case naming Monsanto Company as a defendant, Plaintiff Arville Mangoba filed the Complaint here on June 9, 2023, with the United States District Court for the District of Hawaii against Defendant Monsanto Company, 23-cv-00248 HG-RT ("Hawaii Case").  (Complaint, ECF No. 1).

Both Complaints seek personal injury damages against Defendant Monsanto Company arising from Plaintiff's alleged injuries from Defendant's products.

On May 16, 2025, Counsel for Defendant Monsanto Company in the Hawaii Case e-mailed Counsel for Plaintiff Mangoba about the parallel litigation outstanding in the Missouri Case.  (E-mail dated May 16, 2025, attached as Ex. 4 to Def.'s Motion, ECF No. 39-5).

Plaintiff's Counsel responded, informing Defendant's Counsel that they were not aware that the Missouri Case was still ongoing.  (Id.)  Plaintiff's co-counsel confirmed that Plaintiff's Missouri Case was still active and stated that, "Plaintiff intended and still intends to pursue one lawsuit in the State of Hawaii and thus we will be seeking a dismissal of the action in St. Louis."  (Id.)

2

The Court has received no notice that Plaintiff has dismissed his Missouri Case.

Defendant Monsanto Company has moved to dismiss, or alternatively, to stay the Hawaii Case pending the disposition of the Missouri Case.

## PROCEDURAL HISTORY

On June 9, 2023, Plaintiff filed the Complaint. (ECF No. 1).

On August 7, 2023, attorneys for Plaintiff Mangoba and the two similar cases Adams v. Monsanto; 23-cv-00285 HG-RT and Infante v. Monsanto, 23-cv-00339 HG-RT moved for inclusion of the three cases in the Roundup Multidistrict Litigation ("Roundup MDL"). (ECF No. 15). The cases were stayed and administratively closed in order to allow for evaluation of their potential transfer. (Id.) The cases were not accepted into the Roundup MDL.

On June 6, 2024, the stay was lifted. (ECF No. 27).

On June 12, 2025, Defendant filed the Motion before the Court: DEFENDANT MONSANTO COMPANY'S MOTION TO DISMISS OR STAY CASE. (ECF No. 39).

On June 26, 2025, Plaintiff filed an Opposition. (ECF No. 40).

On July 10, 2025, Defendant filed the Reply. (ECF No. 41).

3

The Court elects to decide the matter without a hearing pursuant to District of Hawaii Local Rule 7.1(c).

## ANALYSIS

First, on September 3, 2021, Plaintiff Arville Mangoba, along with twenty-nine other plaintiffs, filed a lawsuit against Defendant Monsanto Company and other defendants in the Missouri Circuit Court, Twenty-First Judicial Circuit, County of St. Louis, titled Jeffery S. Jumper et al. v. Monsanto Company, et al., 21SL-CC04139 ("Missouri Case").

Second, almost two years later, on June 9, 2023, Plaintiff Arville Mangoba filed the lawsuit here before the United States District Court for the District of Hawaii against Defendant Monsanto Company ("Hawaii Case").

Defendant Monsanto Company has filed a Motion to Dismiss or, in the alternative, to Stay the Hawaii Case.  Defendant Monsanto Company seeks to dismiss or stay the Hawaii Case pursuant to both the Colorado River doctrine set forth in Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 818 (1976) and the first-to-file doctrine.

## I.  Colorado River Doctrine

Pursuant to Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 817 (1976), a federal district court

4

may dismiss or stay an action involving concurrent proceedings in a separate state court system in order to conserve judicial resources.  In the Colorado River ruling, the United States Supreme Court held that "there are principles unrelated to considerations of proper constitutional adjudication and regard for federal-state relations which govern in situations involving the contemporaneous exercise of concurrent jurisdictions, either by federal courts or by state and federal courts."  Id.

Pursuant to the Colorado River doctrine, a district court may dismiss or stay a suit in the presence of a concurrent parallel proceeding in the interest of "wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation."  Id. at 817-18.

There are several factors that the Court must consider in evaluating the application of the Colorado River doctrine.  They include the desire to avoid piecemeal litigation, the chronological order in which the forums obtained jurisdiction, and the similarity of the two cases.  United States v. State Water Res. Control Bd., 988 F.3d 1194, 1203 (9th Cir. 2021).

The proceedings in the Missouri Case and the Hawaii Case involve the same subject matter.  The operative complaints were both brought by Plaintiff Arville Mangoba against Defendant Monsanto Company complaining of his alleged exposure to PCBs and

5

Roundup.  In both cases, Plaintiff seeks personal injury damages related to Plaintiff's claim that he incurred non-Hodgkin lymphoma as a result of being exposed to Defendant Monsanto Company's products.

The Colorado River factors favor a stay in this case.  The Missouri forum was Plaintiff's first choice.  The Missouri forum is adequate for Plaintiff to pursue his claims.  Plaintiff has not put forward a federal cause of action in the Complaint before the United States District Court in the Hawaii Case.  The Missouri State Court has the authority to resolve the allegations of injury which have been raised in the case there.  See Am. Intern. Underwriters, Inc. v. Cont. Ins. Co., 843 F.2d 1253, 1259 (9th Cir. 1988).

**II.  First-To-File Doctrine**

Defendant Monsanto Company also relies on the first-to-file doctrine.

The first-to-file rule is a generally recognized doctrine of federal comity.  Wallerstein v. Dole Fresh Vegetables, Inc., 967 F.Supp.2d 1289, 1292 (N.D. Cal. 2013).  A federal district court may decline jurisdiction or stay a case where an already pending case in federal court involves the same parties and issues.  Id. The rule is meant to alleviate the burden duplicative litigation places on the federal judiciary.  Alltrade, Inc. v. Uniweld

6

Prods. Inc., 946 F.2d 622, 628 (9th Cir. 1991).

The Court recognizes that the first-to-file doctrine is usually applied where the cases involve two different federal district court cases.  Kohn Law Group, Inc. v. Auto Parts Mfg. Mississippi, Inc., 787 F.3d 1237, 1239 (9th Cir. 2015); see also Gatlin v. United Parcel Service, Inc., 2018 WL 10161198, *3 (C.D. Cal. Aug. 23, 2018).

Several courts in the Ninth Circuit have ruled that the first-to-file doctrine is inapplicable to cases where the first case was filed in state court.  Murphy v. Viad Corp., 2022 WL 3137720, *3 (C.D. Cal. May 13, 2022).  Federal district courts have more commonly ruled that the Colorado River doctrine is the only basis to allow a federal court to dismiss or stay an action based on a parallel state court action.  See Tinnin v. Sutter Valley Med. Foundation, 647 F.Supp.3d 864, 871 (E.D. Cal. Dec. 27, 2022).

There are federal district courts in the Ninth Circuit that disagree and apply the first-to-file doctrine in the state-federal context.  See, e.g., Shannon v. Bayview Loan Servicing LLC, 2018 WL 1902680 at *2 (D. Or. Apr. 20, 2018); Gens v. SEZ Am., Inc., 2007 WL 832050, at *4 (N.D. Cal. Mar. 19, 2007).  The Ninth Circuit Court of Appeals has not ruled definitively on the issue.

The Court need not resolve the apparent conflict because it

7

finds that a stay is warranted pursuant to the <u>Colorado River</u> doctrine alone.  The Court finds that, to the extent the first-to-file doctrine also applies in the state-federal context, staying proceedings is appropriate.

Courts analyze three factors in determining whether to apply the first-to-file rule:

(1) chronology of the actions;

(2) similarity of the parties; and

(3) similarity of the issues.

<u>Schwartz v. Frito-Lay N. Am.</u>, 2012 WL 8147135, at *2 (N.D. Cal. Sept. 12, 2012) (citing <u>Alltrade, Inc.</u>, 946 F.2d at 625)).

Here, there is no question that the Missouri Case was filed first.  There is also no dispute that Plaintiff Mangoba was already deposed in the Missouri Case in March and April 2023, before the Hawaii Case was even filed.  (Deposition of Arville Mangoba in 21SL-CC04139, "Mangoba Depo." attached as Ex. 2 to Def.'s Motion, ECF No. 39-3).

Plaintiff's claim that the Missouri Case has not proceeded as quickly and does not have a trial date does not alter the analysis.  Plaintiff chose the first forum and elected to pursue the matter in the Missouri State Courts.  Parties cannot file duplicative litigation in an attempt to forum shop or accelerate a process if they are unhappy with the speed of the first-filed litigation.

Plaintiff claims in his Opposition that he intends to proceed only in the Hawaii Case.  The Court has received no notice of a dismissal of the Missouri Case.  The first-to-file doctrine supports staying the Hawaii Case to allow Plaintiff to pursue the Missouri Case first as that was his first desired forum.

## CONCLUSION

The Court elects to **STAY** the Hawaii Case pending disposition of the first-filed Missouri Case.

Defendant Monsanto Company's Motion to Stay (ECF No. 39) is **GRANTED**.

IT IS SO ORDERED.

Dated: July 28, 2025, Honolulu, Hawaii.



Helen Gillmor
United States District Judge